989 F.2d 501
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Craig Wines OLIVER, Defendant-Appellant.
 No. 92-1718.
 United States Court of Appeals, Sixth Circuit.
 March 10, 1993.
 
 Before ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Craig Oliver, appeals the district court's order sentencing him to 150 months imprisonment for manufacturing marijuana in violation of 21 U.S.C. § 841. On appeal, he argues that the government breached a plea agreement entered into under Fed.R.Crim.P. 11 and that the district court made various legal and factual errors in the process of computing his sentence under the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G."). For the following reasons, we AFFIRM.
 
 I.
 
 2
 On September 18, 1990, a Grand Traverse Narcotics Team acquired and executed a search warrant for defendant's garage and discovered 509 bundled plants of marijuana hanging from the rafters. Defendant was later arrested and charged in a two count indictment with manufacturing marijuana from April 1, 1989 through September 18, 1990 and conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841 and 846, respectively.
 
 
 3
 Pursuant to a Fed.R.Crim.P. 11 plea agreement, defendant pled guilty to manufacturing marijuana. In the plea agreement, the government and the defendant entered into three stipulations. First, they agreed that the marijuana manufactured in 1990 did not exceed 509 plants, and that the total amount manufactured over the two year period did not exceed 700 plants. (Plea Agreement, p 3(a)). In addition, qualifying this first stipulation, the defendant reserved the right to introduce evidence that the 1990 quantity was actually less than 509 plants, and that the total number of plants was less than 700; similarly, the government reserved the right to rebut defendant's proofs with argument and evidence. (Id.) Second, the parties stipulated that they would recommend a two-level reduction for acceptance of responsibility if the defendant refrained from additional criminal activities and cooperated with the probation department in the preparation of a presentence report. (Id. p 3(b)). Third, the parties agreed that under U.S.S.G. § 3B1.1(a) and based on the evidence then known, defendant was not a leader or organizer and his criminal activity was not otherwise extensive. (Id. p 3(c)).
 
 
 4
 The plea agreement also contained two other provisions of significance: (1) defendant acknowledged that the government would fully apprise the district court and probation office of "the nature, scope, and extent of defendant's conduct in relation to the charges brought against him" (Id. p 6); and (2) the parties acknowledged that the plea agreement was not binding on the district court and was only "advisory" in nature. (Id. p 7).
 
 
 5
 After an evidentiary hearing, the district court determined that the total amount of marijuana grown in 1989 and 1990 was between 700 and 1000 plants. Specifically, the court determined that 400 plants were seized by police in 1990 and that at least as many plants were grown by defendant in 1989. Consequently, defendant was sentenced to 150 months imprisonment,[1] to be followed by five years of supervised release. He was also fined $30,000 and $50 mandatory special assessment. This appeal followed.
 
 II.
 A.
 
 6
 Defendant argues that by encouraging the district court to find a total number of plants in excess of 700, the government repudiated the stipulation in the plea agreement that the total number of plants involved in the offense charged was no more than 700. He therefore argues that the government breached the plea agreement and that, as a result, his sentence should be vacated and the case remanded for a resentencing before a different judge. See Santobello v. New York, 404 U.S. 257, 262-63 (1971).
 
 
 7
 Initially, we note that defendant failed to raise this issue below and has therefore waived it on appeal. Baker v. United States, 781 F.2d 85, 90 (6th Cir.), cert. denied, 479 U.S. 1017 (1986). We therefore review for plain error. United States v. Young, 470 U.S. 1 (1985).
 
 
 8
 At the hearing to determine the amount of plants involved, the government presented various witnesses who testified that the total number of plants exceeded 1000. This showing should not have been unexpected: Under the plea agreement, the government had reserved the right to present argument and evidence proving that the total number of plants exceeded 700. (Plea Agreement, p 3(a)). Moreover, not only was the government's showing necessary to meet its burden of establishing by a preponderance of the evidence the amount of drugs involved in the offense, but it was also consistent with paragraph six of the plea agreement, wherein the government pledged to apprise the district court of "the nature, scope and extent of the defendant's conduct regarding the charges against him." (Id. p 6). Defendant assented to this provision and cannot now complain that the government's fulfillment of the pledge violated the plea agreement.
 
 B.
 
 9
 Defendant also argues that the district court incorrectly assessed and weighed the evidence regarding the total number of plants involved in the offense. We review the district court's factual findings under a clearly erroneous standard. United States v. Sivils, 960 F.2d 587, 596 (6th Cir.), cert. denied, 113 S.Ct. 130 (1992). Also, defendant objects on two grounds to the district court's application of U.S.S.G. § 2D1.1. First, he claims that the rule in § 2D1.1 treating each plant as one kilogram does not apply, because the plants in this case were not discovered in an unharvested state. Second, he argues that because the plants involved in this case did not possess rootballs, they could not qualify as plants under § 2D1.1.
 
 
 10
 Upon review of the record, we cannot say that the court's findings were clearly erroneous. The court heard the testimony of police officers that they counted 509 plants seized in 1990, and which the government corroborated with photographs of the actual plants seized. Further, witnesses testified that many hundreds of plants were grown and harvested in 1989. The district court evaluated the evidence and ruled conservatively in determining that defendant had grown between 700 and 1000 marijuana plants during 1989 and 1990. In light of the district court's careful weighing of the evidence, we hold that on this record there was no error, and do not, at this time, reach the legal issue under § 2D1.1.
 
 C.
 
 11
 Defendant next argues that the district court erred by refusing to grant a two level reduction for acceptance of responsibility. This is a factual issue reviewable under a clearly erroneous standard, Sivils, 960 F.2d at 596, and an issue on which defendant bears the burden of proof. United States v. Perry, 908 F.2d 56, 58 (6th Cir.), cert. denied, 111 S.Ct. 565 (1990).
 
 
 12
 In refusing to grant the reduction, the district court remarked that "[t]his isn't even a close case ... [n]o contrition." Elaborating, the court stated that defendant had contempt for the criminal justice system (using profanities, defendant told his probation officer that the federal authorities harass people in order to make drug arrests) and expressed his belief that marijuana should be legalized. The court further noted that the defendant did not fully cooperate with probation in the preparation of the presentence report (defendant withheld financial information and generally frustrated attempts to probe relevant conduct). We agree with the district court's assessment, and find that there was no clear error.
 
 D.
 
 13
 Defendant claims that the district court erred by double counting the same conduct to deny defendant credit for acceptance of responsibility and to sentence at the very top end of the guideline range. We agree with defendant's assertion that a court cannot increase the guideline range by applying the same conduct to multiple guideline provisions. United States v. Romano, 970 F.2d 164, 166-67 (6th Cir.1992); United States v. Werlinger, 894 F.2d 1015 (8th Cir.1990). However, it is clear from the record that the district court did not apply the same conduct to multiple provisions; but merely meted out a sentence within the allowable range. This contention is without merit.
 
 E.
 
 14
 Last, defendant asserts that the imposition of a $30,000 fine is in error because the fine was imposed without appropriate consideration of his ability to pay that fine. The burden of proving inability to pay is on the defendant. United States v. Hickey, 917 F.2d 901, 906-07 (6th Cir.1990); United States v. Perez, 871 F.2d 45, 48 (6th Cir.), cert. denied, 492 U.S. 910 (1989). Defendant failed to present any evidence to the district court of his impecuniousness. Having failed to meet his burden, this claim too fails.
 
 III.
 
 15
 For all of the reasons stated above, defendant's sentence is AFFIRMED.
 
 
 16
 CONTIE, Senior Circuit Judge, concurring.
 
 
 17
 Although I concur in the result reached by my colleagues, I write separately to emphasize how dangerously close the prosecutor came to breaching the plea agreement.
 
 
 18
 Though the plea agreement provided "that the readily provable relevant conduct of the defendant does not exceed 700 plants for this offense, inclusive of the 509 plants discussed above," Plea Agreement at 2 (emphasis in original), the prosecutor recommended that Oliver be sentenced for manufacturing more than 700 plants:
 
 
 19
 [T]he preponderance of the evidence reflects over one thousand plants having been manufactured by the defendant during the course of his relevant conduct. There can be no question that there are at least between seven hundred and one thousand plants which have been manufactured by defendant Oliver during the course of his relevant criminal conduct giving rise to this activity. The government therefore believes that a level 32 offense is justified by a preponderance of the evidence but clearly, if not a level 32 offense, by no means is the criminal activity of the defendant any less than a level 30 offense.
 
 
 20
 May 29, 1992 Government Memorandum Regarding Sentencing at 5.
 
 
 21
 Because defendants "give up constitutional rights in reliance on promises made by prosecutors," United States v. Goldfaden, 959 F.2d 1324, 1328 (5th Cir.1992), "[t]he failure of the Government to fulfill its promise affects the fairness, integrity, and public reputation of judicial proceedings [and] can amount to plain error." Id. See also Santobello v. New York, 404 U.S. 257, 262 (1971) ("[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.").
 
 
 22
 Nevertheless, because the plea agreement employs the ambiguous phrase "readily provable relevant conduct" to limit the number of marijuana plants that Oliver may be held accountable for, I cannot definitively find that the prosecutor breached the plea agreement. Accordingly, I concur in the majority opinion.